# Exhibit "A"



## CSC

# Notice of Service of Process

null / ALL
**Transmittal Number: 29615251**
**Date Processed: 08/02/2024**

| | |
|---|---|
| Primary Contact: | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| Electronic copy provided to: | Ruby Esquivel<br>Griselda Mejia<br>Carmen Solis |

| | |
|---|---|
| Entity: | USAA Casualty Insurance Company<br>Entity ID Number 3692525 |
| Entity Served: | USAA Casualty Insurance Company |
| Title of Action: | Preston Clark vs. USAA Casualty Insurance Company |
| Matter Name/ID: | Preston Clark vs. USAA Casualty Insurance Company (16065852) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Los Angeles County Superior Court, CA |
| Case/Reference No: | 24SMCV03542 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 08/01/2024 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | The Novak Law Firm, P.C.<br>310-921-8712 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/24/2024 12:05 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Sam, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
USAA CASUALTY INSURANCE COMPANY; DOES 1 to 99, inclusive; ROES 1 to 99, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PRESTON CLARK

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es)*: LASC-Santa Monica Courthouse | CASE NUMBER: *(Número del Caso)*: |
|---|---|

1725 Main St., Santa Monica, CA  90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sean M. Novak, Esq., THE NOVAK LAW FIRM, P.C., 2609 N. Sepulveda Blvd., Manhattan Beach, CA 90266, (310) 921-8712

| DATE: *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* USAA CASUALTY INSURANCE COMPANY

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):*  business entity, form unknown
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

SEAN M. NOVAK, ESQ. (SBN 198307)
**THE NOVAK LAW FIRM, P.C.**
2609 N. Sepulveda Blvd.
Manhattan Beach, CA 90266
Tel: (310) 921-8712
Fax: (310) 921-8732
Email: service@novaklawfirm.com

Attorneys for Plaintiff
PRESTON CLARK

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/24/2024 12:05 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Sam, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF LOS ANGELES-SANTA MONICA COURTHOUSE

| | |
|---|---|
| PRESTON CLARK,<br><br>       Plaintiff,<br><br>       v.<br><br>USAA CASUALTY INSURANCE<br>COMPANY; DOES 1 to 99, inclusive;<br>ROES 1 to 99, inclusive,<br><br>       Defendants. | CASE NO.: 24SMCV03542<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. BREACH OF WRITTEN CONTRACT;<br>2. BAD FAITH-BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING;<br>3. FRAUD/DECEIT; and<br>4. DECLARATORY RELIEF<br><br>[DEMAND FOR JURY TRIAL] |

**COMES NOW** Plaintiff PRESTON CLARK and allege as follows:

    1.    At all relevant times Plaintiff, PRESTON CLARK (hereinafter referred to as "Plaintiff"), was and is an individual who is a resident of the State of California, living in the County of Los Angeles, in the State of California.

    2.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times defendant USAA CASUALTY INSURANCE COMPANY (hereinafter sometimes

---

**PLAINTIFF'S COMPLAINT**

1  referred to as "USAA") was and is a business entity, business form unknown, authorized
2  to conduct business, and conducting business, in the State of California, with a principal
3  place of business located in the County of Los Angeles, in the State of California.
4          3.      Plaintiff is informed and believes, and thereon alleges, that at all relevant
5  times defendants USAA, DOES 1 to 99, inclusive and ROES 1 to 99, inclusive, were and
6  are insurance companies with insurance contracts providing insurance coverage and
7  benefits to Plaintiff as contractual insureds and beneficiaries.
8          4.      The true names or capacities, whether individual, corporate, associate or
9  otherwise, of the Defendants designated herein as Does 1 to 99, inclusive, are unknown
10 to Plaintiff, who therefore sue said Defendants by such fictitious names, and Plaintiff
11 will seek leave to amend this Complaint at such time as the true names and/or capacities
12 are ascertained. The true names or capacities, whether individual, corporate, associate or
13 otherwise, of the Defendants designated herein as Roes 1 to 99, inclusive, are unknown
14 to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff
15 will seek leave to amend this Complaint at such time as the true names and/or capacities
16 are ascertained.
17         5.      Plaintiff is informed and believes, and thereon alleges, that each of the
18 Defendants designated herein as a Doe is negligently or otherwise responsible in some
19 manner for the events and happenings referred to, and negligently and/or otherwise
20 caused the injuries and damages to Plaintiff as herein alleged.
21         6.      Plaintiff is informed and believes, and thereon alleges, that at all times
22 herein mentioned, each Defendant, whether known or unknown and whether sued by
23 name or as a Doe defendant, was the agent, principal, joint venturer, employee and/or
24 employer of each of the remaining Defendants and at all relevant times was acting
25 within the scope and course of said agency and/or employment.
26                          **GENERAL FACTUAL ALLEGATIONS**
27         7.      On and before October 16, 2022, Plaintiff had in force and effect a written
28 contract of insurance (hereinafter referred to occasionally as the "Insurance Contract")

- 1 -

**PLAINTIFF'S COMPLAINT**

1   with defendants USAA, and/or ROES 1 through 99, inclusive which provided, inter alia,

2   for insurance of Plaintiff's vehicle, identified herein as a Porsche 911, for reimbursement

3   of any damages or losses to said vehicle incurred, and for reimbursement of loss of

4   earnings related to any damages related to loss of use of said vehicle. Relevant provisions

5   of such policy are alleged herein in *haec verba*, and incorporated by reference to the

6   insurance contract with designated policy number 01425 07 42C 7101. Plaintiff was

7   direct beneficiaries of said policy and was fully insured thereunder on and before all

8   relevant dates.

9       8.      At all times herein mentioned, Plaintiff paid premiums to defendants

10   USAA, and/or ROES 1 through 99, inclusive in accordance with the terms and conditions

11   of the Insurance Contract. Furthermore, at all times herein mentioned, all premiums had

12   been paid in a timely fashion by Plaintiff.

13      9.      On October 16, 2022, Plaintiff's vehicle was damaged in a collision through

14   no fault of Plaintiff. Following appropriate procedures, Plaintiff reported the incident and

15   damages to the defendants.

16      10.     As such, in accordance with the terms of his Insurance Contract with

17   defendants, Plaintiff promptly notified defendants, and each of them, that Plaintiff had

18   suffered a loss related to the subject vehicle.

19      11.     Defendants acknowledged receipt of Plaintiff's claim and communicated to

20   Plaintiff that they would be investigating the loss.

21      12.     On or about May 10, 2023, defendants, and each of them, sent Plaintiff

22   correspondence advising Plaintiff that the defendants refused to honor the express terms

23   of the insurance contract, and refused to pay full compensation to Plaintiff for losses and

24   damage related to Plaintiff's vehicle.

25      13.     Following the denial of the claim, Plaintiff has repeatedly requested that

26   defendants, and each of them, fully compensate Plaintiff for the damages to for loss of the

27   subject vehicle pursuant to the express terms of the Insurance Contract. Plaintiff further

28

- 2 -

**PLAINTIFF'S COMPLAINT**

requested reimbursement for rental vehicle expenses, and loss of earnings under the express terms of the Insurance Contract.

14.    Beginning on or about October 16, 2022 to present, defendants, and each of them, unjustifiably refused to compensate Plaintiff for complete losses in spite of the express obligation to do so. Plaintiff has repeatedly demanded payment of all sums owed by defendant between October 16, 2022 and the present. Defendants have unjustifiably refused to tender all sums owed to Plaintiff.

## FIRST CAUSE OF ACTION
## (Breach of Written Contract)
## (Alleged Against All Defendants)

15.    Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 16, inclusive of this Complaint as though fully set forth herein.

16.    On or about October 16, 2022, Plaintiff made an initial timely claim for losses to defendants, and each of them, pursuant to the terms of Plaintiff's insurance policy. In support of Plaintiff's claim, Plaintiff presented documents and evidence reasonably sufficient for defendants to evaluate and determine the full value of Plaintiff's damages and injuries at that time.

17.    Beginning on or about October 16, 2022 to present, despite repeated requests and demands therefor, and the providing by Plaintiff of substantial documentary and other evidence supporting Plaintiff's claim, effective coverage, and the value of the claim thereof, defendants repeatedly and unjustifiably failed and refused to pay Plaintiff for substantial damages and denied Plaintiff's compensation for the reasonable value of Plaintiff's claim.

18.    In spite of numerous demands, to date defendants, and each of them, continue to unjustifiably refuse to pay to Plaintiff insurance benefits due and owing relating to Plaintiff's claim and losses. Defendants have never offered any valid written explanation or justification for their failure and refusal to pay Plaintiff the reasonable value of Plaintiff's claim.

- 3 -

## PLAINTIFF'S COMPLAINT

19.    Beginning on or about October 16, 2022 to present, defendants, and each of them, were bound both legally and pursuant to the terms of the parties' Insurance Contract to promptly, reasonably and equitably pay to Plaintiff the full value of Plaintiff's losses. Defendants, and each of them, failed and refused to comply with these requirements of the policy.

20.    At all times mentioned herein, the afore-described written insurance policy was in full force and effect.

21.    At all times mentioned herein, Plaintiff had performed all of Plaintiff's obligations pursuant to the terms of said written contract of insurance.

22.    Defendants' failure and refusal to promptly pay such proceeds to Plaintiff constitutes a violation of the terms and conditions of said written contract of insurance. Furthermore, defendants failure to fully and fairly compensate Plaintiff for Plaintiff's losses, and their intentional deception of Plaintiff constitutes a violation of the terms and conditions of said written contract of insurance. Defendants, and each of them, by their acts and omissions, knowingly and intentionally breached the terms of said written contract of insurance.

23.    Plaintiff is informed and believes that defendants, and each of them, routinely engage in the practice of breaching their contracts with their policy holders by refusing to pay benefits owed under insurance contracts. Defendants also routinely engage in the practice of undervaluing claims submitted to them by insureds, and attempting to coerce insureds to settle claims for values below the fair and full value.

24.    As a direct result of defendants' wrongful breach of the said written insurance contract, as alleged herein, there is now due and owing from defendants, and each of them, the full amount of Plaintiff's losses, subject to proof at trial, and legal interest on the principal amount for the period commencing October 16, 2022 and continuing up through the present time.

25.    As a further direct result of the defendants' wrongful breach of the said written insurance contract, as alleged herein, Plaintiff's claim for benefits under the said

- 4 -

**PLAINTIFF'S COMPLAINT**

1  insurance policy was denied and/or not fully and promptly paid, and Plaintiff was caused

2  to be without the use of such funds. The reasonable and foreseeable monetary damage

3  resulting from such loss of use is presently not fully ascertained, but subject to proof at

4  trial.

5  ## SECOND CAUSE OF ACTION

6  ## (Bad Faith - Breach Of The Duty Of Good Faith & Fair Dealing)

7  ## (Alleged Against All Defendants)

8      26.    Plaintiff re-alleges and incorporates by reference each and every allegation

9  in paragraphs 1 through 25, inclusive of this Complaint as though fully set forth herein.

10      27.    Subsequent to above-referenced motor vehicle loss that occurred on or about

11  October 16, 2022, and in accordance with the terms and conditions of the insurance

12  policy issued by defendants, and each of them, Plaintiff submitted to defendants on

13  October 16, 2022 a claim for benefits, and requested payment of such benefits under the

14  aforesaid policy.

15      28.    At all times mentioned herein, defendants, and each of them, as the parties

16  with whom Plaintiff entered into Plaintiff's contract of insurance, owed Plaintiff a duty of

17  good faith and fair dealing with respect to all transactions relative to the aforesaid policy

18  of insurance coverage.

19      29.    At all times herein mentioned, the aforesaid duty of good faith and fair

20  dealing reasonably required, inter alia, that defendants, and each of them, attempt in

21  good faith to act in conformity with Section 790.03(h) of the California Insurance Code

22  and thereby to desist from certain prohibited practices relative to the adjustment and

23  handling of claims of the type and kind submitted by Plaintiff herein.

24      30.    Defendants, and each of them, breached their duty of good faith and fair

25  dealing owed to Plaintiff by failing and refusing to make a good faith offer to resolve

26  Plaintiff's claim.

27      31.    Defendants, and each of them, breached their duty of good faith and fair

28  dealing owed to Plaintiff by failing and refusing, without justification, to promptly pay

- 5 -

## PLAINTIFF'S COMPLAINT

any of the money owed to Plaintiff to compensate Plaintiff for Plaintiff's losses and
damage sustained in the above-referenced incident.

32.    Defendants, and each of them, breached their duty of good faith and fair
dealing by intentionally withholding and refusing to pay Plaintiff benefits due and owing
under the insurance contract between October 16, 2022 and the present.

33.    Defendants, and each of them, breached their duty of good faith and fair
dealing by intentionally withholding and refusing to pay medical benefits due and owing
under the insurance contract between October 16, 2022 and the present.

34.    Defendants, and each of them, breached their duty of good faith and fair
dealing owed to Plaintiff by intentionally misrepresenting to Plaintiffs the true value of
Plaintiff's property, and the actual value of Plaintiffs losses. Defendants, and each of
them, also intentionally concealed from Plaintiff the full extent of benefits available
under the insurance contract.

35.    Defendants, and each of them, have further breached their duty of good
faith and fair dealing owed to Plaintiff by failing to act in conformity with Section
790.03(h) of the California Insurance Code in the following respects:

    a.    Failing to pay proceeds to Plaintiff at a time when defendants, and
each of them, knew that Plaintiff was entitled to said proceeds under
the terms of said contract of insurance;

    b.    Withholding payments from Plaintiff while knowing Plaintiff's claim for
proceeds under said contract of insurance to be valid;

    c.    Completely and continually failing to pay appropriate benefits pursuant to
said claim at a time when defendants, and each of them, had insufficient
information within their possession to justify said action;

    d.    Failing to reasonably, promptly and fairly investigate and process Plaintiff's
claim for loss of benefits under said contract of insurance;

    e.    Not attempting in good faith to effectuate a prompt, fair and equitable
settlement of Plaintiff's claim for benefits where liability under the

- 6 -

**PLAINTIFF'S COMPLAINT**

aforesaid insurance policy had become reasonably clear;

f.   Failing to provide a reasonable explanation in writing, or any explanation, for the basis relied upon in the subject contract of insurance, in relation to the applicable facts, for the denial of Plaintiff's claim for appropriate benefits;

g.   Ceasing and refusing to respond to Plaintiff's written inquiries, abandoning Plaintiff and ignoring their insureds in violation of the express terms of the insurance contract and the California Insurance Code;

h.   Creating new and different obstacles to processing, handling and adjusting of Plaintiff's claim despite the fact that no such obstacles were reasonable, necessary or consistent with defendants' written policies and procedures;

i.   Engaging in tactics designed to delay Plaintiff's claim long enough that they would give up her pursuit of the claim and/or be barred from pursuing their claim due to running of applicable statutes of limitations;

j.   Converting funds that were due and owing to Plaintiff;

k.   Performing such other acts, and by failing to perform such other acts, of which Plaintiff are presently ignorant, but Plaintiff will ask leave of court to amend this complaint at such time as Plaintiff discover such other acts and omissions constituting such breach.

36.   In performing the aforementioned acts and omissions in violation of the implied covenant of good faith and fair dealing, defendants, and each of them, and by their agents, acted both directly and through their agents.

37.   At all relevant times, defendants and its agents knew that Plaintiff was entitled to the benefits of the Insurance Contract. Despite having everything needed to evaluate Plaintiff's claim, defendants intentionally withheld payment of insurance policy benefits from Plaintiff. Defendants did so to save money.

38.   Under the Insurance Contract, Plaintiff had a right to receive the Benefits from defendants. In willful and conscious disregard of Plaintiff's right to said benefits,

- 7 -

**PLAINTIFF'S COMPLAINT**

1  defendants refused to pay Plaintiff said benefits. In doing so, defendants acted
2  maliciously and oppressively in that it subjected Plaintiff to cruel and unjust hardship
3  and did so with a willful and conscious disregard of Plaintiff's rights.

4       39.    Due to the nature of the benefits, defendants knew that Plaintiff needed
5  these benefits to offset lost wages due to loss of the subject vehicle. Ultimately, Plaintiff
6  was without income from their business due to the loss of the vehicle and without the
7  benefits that defendants had contractually promised to pay.

8       40.    As a direct and proximate result of the aforementioned wrongful conduct by
9  defendants, and each of them, and by their agents, Plaintiff has sustained mental
10 anguish, and mental, emotional and physical pain and suffering, all to Plaintiff's general
11 damage in an amount as yet unascertained, but subject to proof at trial.

12      41.    As a further direct and proximate result of the aforementioned wrongful
13 conduct, Plaintiff has suffered, and will continue to suffer in the future, monetary
14 damages, plus interest thereon, in an amount as yet not fully ascertained, but subject to
15 proof at trial.

16      42.    As a further direct and proximate result of the aforementioned wrongful
17 conduct, Plaintiff has incurred costs and expenses for prosecution of the present action,
18 including expert witness fees, costs, and expenses in prosecuting the present action, all
19 in an amount not yet fully ascertained, but to be shown according to proof at trial.

20      43.    Pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813 (1985), Plaintiff will
21 seek recovery of all attorney's fees reasonably incurred to compel the payment of the
22 wrongfully withheld benefits under the insurance contract.

23      44.    As a further direct and proximate result of the aforementioned wrongful
24 conduct, Plaintiff has suffered additional extra-contractual and irreversible income loss,
25 and loss of earnings, all in an amount as yet not fully ascertained, but subject to proof at
26 trial.

27      45.    Plaintiff is informed and believes, and thereon allege, that the
28 aforementioned conduct of defendants, and each of them, and by through their agents,

- 8 -

**PLAINTIFF'S COMPLAINT**

1  was malicious and oppressive and done with an intent to damage, hurt, vex, frustrate,

2  and injure Plaintiff, and to repeatedly deny her the benefits of her insurance coverage

3  without any justification. The afore-described conduct of defendants has been knowingly

4  performed for the purpose of delaying her claim long enough that they would give up

5  their pursuit of the claim, despite the fact that Plaintiff had a right to the benefits owed

6  to them.

7       46.    The afore-described conduct of defendants has also been knowingly

8  performed with the intent to keep creating new and different obstacles to processing,

9  handling and adjusting of the claim despite the fact that no such obstacles are

10  reasonable, necessary or consistent with defendants' written policies and procedures.

11      47.    As a result of defendants' intentional, malicious and oppressive conduct,

12  Plaintiff is entitled to punitive and exemplary damages in an amount as yet

13  unascertained, but sufficient to punish and make an example of defendants, and each of

14  them.

15                    **THIRD CAUSE OF ACTION**

16                        **(Fraud/Deceit)**

17                        **(All Defendants)**

18      48.    Plaintiffs re-alleges and incorporates by reference each and every allegation

19  in paragraphs 1 through 47, inclusive of this Complaint as though fully set forth herein.

20      49.    When Plaintiff obtained the Insurance Contract from defendants,

21  defendants, as an entity, promised in writing that it would provide benefits related to

22  Plaintiffs' loss of the subject vehicle and lost wages. Plaintiff alleges on information and

23  belief that, when defendants promised to provide said coverages to Plaintiff, defendants

24  had no intention of paying the full amount of the promised benefits to Plaintiff.

25      50.    Had Plaintiff known that defendants would not honor the provisions of the

26  Insurance Contract, Plaintiff would not have purchased these coverages from defendants.

27  Plaintiff reasonably relied on defendants' promise that they would pay said benefits in

28

- 9 -

**PLAINTIFF'S COMPLAINT**

accordance with the Insurance Contract. Defendants offered these coverages to Plaintiff
with the intent that Plaintiff would purchase said coverages.

    51.    Beginning in or about October 16, 2022, said defendants and each of them,
made numerous intentional misrepresentations to Plaintiff. USAA's employee Hasani
Nunez-Arellano (hereinafter, "Ms. Arrellano") made these misrepresentations to Plaintiff
with the intent to deceive them as to the Plaintiff's rights under the Insurance Contract.

    52.    Plaintiff alleges on information and belief that, at all relevant times, Ms.
Arrellano was a managing agent of defendants. Plaintiff further alleges on information
and belief that defendants authorized and ratified Ms. Arrellano's misrepresentations to
Plaintiff. Ms. Arrellano made the following misrepresentations to, and concealment of
facts from, Plaintiff in numerous written correspondence from October, 2022 to
approximately July, 2023:

    a.    Defendants concealed from Plaintiff that they were bound both legally and
        pursuant to the terms of the parties' contract of insurance, to promptly,
        reasonably and equitably pay to Plaintiff the full and true value of
        Plaintiff's claim;

    b.    Defendants, and each of them, intentionally and repeatedly deceived
        Plaintiff as to the full and true value of Plaintiff's claim with the purpose of
        inducing Plaintiff to settle Plaintiff's claim for no money or for an amount
        far below the true value of the claim;

    c.    Defendants, and each of them, knowingly performed or had performed a
        false evaluation and estimate of the value of Plaintiff's vehicle and other
        losses in an effort to deceive Plaintiff as to the extent of Plaintiff's actual
        damages and the true value of the claim;

    d.    Altering or doctoring Plaintiff's original insurance contract in order to
        conceal the availability of policy benefits to Plaintiff;

- 10 -

**PLAINTIFF'S COMPLAINT**

e.  Making repeated and constant misrepresentations of material facts with the
intent to delay Plaintiff's claim long enough that Plaintiff would give up
Plaintiff's pursuit of the claim;

f.  Making misrepresentations designed to create new and different obstacles
to processing, handling and adjusting of Plaintiff's claim despite the fact
that no such obstacles were reasonable, necessary or consistent with
defendants' written policies and procedures;

g.  Intentionally misrepresenting the terms of Plaintiff's insurance contract in
order to attempt to justify refusal to disburse policy benefits owed to
Plaintiff;

h.  Such other and further misconduct not presently known, but subject to
ascertainment during the discovery process.

53.  At the time defendants, and each of them, made their misrepresentations to
Plaintiff, defendants knew said misrepresentations to be false. These misrepresentations
were made in a deliberate effort to deceive and defraud Plaintiff, and to induce Plaintiff
to act in reliance on these misrepresentations in the manner hereinafter alleged, or with
the expectation that Plaintiff would so act.

54.  The intentional misrepresentations made by defendants, and each of them,
to Plaintiff regarding payment of proceeds were made with the intention of defrauding
Plaintiff of insurance proceeds and causing Plaintiff harm.

55.  The misrepresentations by defendants, and each of them, to Plaintiff
regarding Plaintiff's claim caused Plaintiff to delay prosecution of Plaintiff's legal rights
under the instant action, all to the detriment of Plaintiff.

56.  As a result of the fraudulent conduct of defendants, and each of them,
Plaintiff was forced to expend additional time and effort in an attempt to recover money
owed from defendants.

57.  As a further direct and proximate result of the aforementioned wrongful
conduct, Plaintiff has incurred costs and expenses for prosecution of the present action,

- 11 -

**PLAINTIFF'S COMPLAINT**

including expert witness fees, court costs, and expenses in prosecuting the present action, all in an amount not yet fully ascertained, but to be shown according to proof at trial.

58.    The aforementioned conduct of defendants constituted intentional misrepresentations, deceit, and/or concealment of material facts known to the defendants, and each of them, thereby depriving Plaintiff of property and legal rights, and otherwise causing Plaintiff injury.

59.    Plaintiff is informed and believes that defendants, and each of them, routinely engage in the conduct herein described, and have and continue to defraud policy holders by means including, but not limited to, withholding money owed and/or refusing to pay policy benefits based upon misrepresentation of terms of the insurance contract.

60.    As a direct result of defendants' fraudulent conduct, as alleged herein, there is now due and owing from defendants, and each of them, legal interest on the principal amount of Plaintiff's loss as of October 16, 2022 and continuing up through the present time.

61.    As a further direct result of the defendants' fraudulent conduct, as alleged herein, Plaintiff's claim for benefits under the said insurance policy was denied, and Plaintiff was caused to be without the use of such funds. The reasonable and foreseeable monetary damage resulting from such loss of use is presently not fully ascertained, but subject to proof at trial.

62.    The fraudulent, intentional, callous, willful, wanton and oppressive acts of defendants, as set forth herein-above, are sufficient to warrant the imposition of punitive and exemplary damages against defendants in an amount sufficient to punish and make an example of them. The exact amount of such damages are presently unknown to Plaintiff, but will be subject to proof at trial.

- 12 -

**PLAINTIFF'S COMPLAINT**

## FOURTH CAUSE OF ACTION
### (For Declaratory Relief)
### (Alleged against All Defendants)

63. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 through 62, inclusive of this Complaint as though fully set forth herein.

64. A declaration of rights and duties as to the responsibilities of defendants is appropriate at this time in order to permit Plaintiff to ascertain Plaintiff's rights and duties with respect to the Plaintiff's allegations in this Complaint. No adequate remedy exists at law, other than that prayed for, by which the respective rights and responsibilities of Plaintiff and defendants can be ascertained.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

### FIRST CAUSE OF ACTION

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial;
2. For legal interest on the sum of Plaintiff's loss according to proof;
3. For damages for loss of use of the sum of Plaintiff's according to proof;
4. For court costs, arbitration costs and other fees and costs, according to proof;
5. For such other and further relief as the court may deem just and proper.

### SECOND CAUSE OF ACTION

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial;
2. For legal interest on the sum of Plaintiff's loss according to proof;
3. For damages for loss of use of the sum of Plaintiff's loss according to proof;
4. For damages for lost income, according to proof;
5. For special damages, according to proof;
6. For general damages, according to proof;

- 13 -

**PLAINTIFF'S COMPLAINT**

7.   For attorneys' fees pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813
(1985);

8.   For punitive damages, according to proof;

9.   For such other and further relief as the court may deem just and proper.

### THIRD CAUSE OF ACTION

1.   For the principal amount of the value of Plaintiff's claim, subject to proof at
trial;

2.   For legal interest on the sum of Plaintiff's loss according to proof;

3.   For damages for loss of use of the sum of Plaintiff's loss according to proof;

4.   For damages for lost income, according to proof;

5.   For special damages, according to proof;

6.   For general damages, according to proof;

7.   For punitive damages, according to proof;

8.   For such other and further relief as the court may deem just and proper.

### FOURTH CAUSE OF ACTION

1.   For declaratory relief; and

2.   For such other and further relief as the court may deem just and proper.

//
//
//
//
//
//
//

- 14 -

**PLAINTIFF'S COMPLAINT**

## ALL CAUSES OF ACTION

1.   For costs of suit incurred herein; and

2.   For such other and further relief as the court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a jury trial as to all claims and issues set forth in this Complaint.

Date: July 2, 2024                              **THE NOVAK LAW FIRM, P.C.**

                                       By: _____
                                                Sean M. Novak, Esq.
                                                Attorneys for Plaintiff
                                                PRESTON CLARK

- 15 -

**PLAINTIFF'S COMPLAINT**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Sean M. Novak, Esq. (SBN 198307)/THE NOVAK LAW FIRM, P.C.<br>2609 N. Sepulveda Blvd., Manhattan Beach, CA 90266<br><br>TELEPHONE NO.: 310-921-8712    FAX NO.: 310-921-8732<br>EMAIL ADDRESS: service@novaklawfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiff PRESTON CLARK | FOR COURT USE ONLY<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/24/2024 12:05 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Sam, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS: 1725 Main St.
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: Santa Monica Courthouse

CASE NAME:
PRESTON CLARK v. USAA CASUALTY INSURANCE COMPANY et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 24SMCV03542<br><br>JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [X] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: Four (4) Causes of Action inc. insurance Bad Faith and Breach of Contract
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2024

Sean M. Novak, Esq.
_____
(TYPE OR PRINT NAME)                                    ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| CLARK v. USAA CASUALTY INSURANCE COMPANY et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | | |
|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| CLARK v. USAA CASUALTY INSURANCE COMPANY et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☑ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| CLARK v. USAA CASUALTY INSURANCE COMPANY et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| CLARK v. USAA CASUALTY INSURANCE COMPANY et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23          CIVIL CASE COVER SHEET ADDENDUM          LASC Local Rule 2.3
For Mandatory Use                  AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| CLARK v. USAA CASUALTY INSURANCE COMPANY et al. | 24SMCV03542 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 3435 OCEAN PARK BLVD |
|---|---|
| CITY: Santa Monica | STATE: CA | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __90405__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __07/24/2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



## Superior Court of California, County of Los Angeles

| |
|---|
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE** |
| **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.** |
| **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint. |

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit
   https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| | SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | | Reserved for Clerk's File Stamp |

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Santa Monica Courthouse
1725 Main Street, Santa Monica, CA 90401

**FILED**
Superior Court of California
County of Los Angeles
07/24/2024
David W. Slayton, Executive Officer / Clerk of Court
By: J. Sam   Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER:
24SMCV03542

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Elaine W. Mandel | P | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 07/25/2024    By J. Sam    , Deputy Clerk
(Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

<u>INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**\*Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Santa Monica Courthouse 1725 Main Street, Santa Monica, CA 90401 | **FILED** Superior Court of California County of Los Angeles 07/25/2024 David W. Slayton, Executive Officer / Clerk of Court By: ___ J. Sam ___ Deputy |
| PLAINTIFF: Preston Clark | |
| DEFENDANT: USAA CASUALTY INSURANCE COMPANY | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 24SMCV03542 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 11/22/2024     Time: 8:30 AM     Dept.: P

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 07/25/2024                                    _Elaine Mandel_
                                                    Judicial Officer
_____
                    CERTIFICATE OF SERVICE    Elaine W. Mandel / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Santa Monica ___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sean M. Novak
2609 N. Sepulveda Blvd.
Manhattan Beach, CA 90266

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/25/2024                    By   J. Sam
                                        Deputy Clerk

**NOTICE OF CASE MANAGEMENT CONFERENCE**

LASC LACIV 132 Rev. 01/23
For Optional Use

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/25/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Sam _____ Deputy |

| COURTHOUSE ADDRESS: |
|---|
| Santa Monica Courthouse |
| 1725 Main Street, Santa Monica, CA 90401 |

| PLAINTIFF(S): |
|---|
| Preston Clark |

| DEFENDANT(S): |
|---|
| USAA CASUALTY INSURANCE COMPANY |

| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>24SMCV03542 |
|---|---|

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>11/22/2024</u> at <u>8:30 AM</u> in department <u>P</u> of this court, <u>Santa Monica Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>07/25/2024</u>

_Elaine Mandel_

Elaine W. Mandel / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

SEAN M. NOVAK, ESQ. (State Bar No. 198307)
FARBOD YOUMTOBIAN, ESQ. (State Bar No. 322576)
ELISHEVA RAFAEL, ESQ. (State Bar No. 325829)
**THE NOVAK LAW FIRM, P.C.**
2609 North Sepulveda Blvd.
Manhattan Beach, California 90266
Telephone: (310) 921-8712 | Facsimile: (310) 921-8732
service@novaklawfirm.com

Attorneys for Plaintiff
PRESTON CLARK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES-SANTA MONICA COURTHOUSE

| | |
|---|---|
| PRESTON CLARK, | ) Case No.  24SMCV03542 |
| | ) |
| Plaintiff, | ) |
| v. | ) **PLAINTIFF'S NOTICE OF HEARING** |
| | ) |
| USAA CASUALTY INSURANCE | ) |
| COMPANY; DOES 1 to 99, inclusive; | ) |
| ROES 1 to 99, inclusive | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

//
//
//
//
//
//
//
//

**PLAINTIFF'S NOTICE OF HEARING**

1   **TO ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

2   **PLEASE TAKE NOTICE** that on July 25, 2024, the Court set the following hearing:

3

4   1. Case Management Conference and OSC re Failure to File Proof of service

5   scheduled for November 22, 2024, at 8:30am

6

7

8   This hearing is set to be heard in Department P of the Santa Monica Courthouse,

9   located at 1725 Main Street, Santa Monica, California 90401.

10

11   The Court's notice is attached hereto as Exhibit "A"

12   Plaintiff was ordered to give notice.

13

14   Date: July 30, 2024,                **THE NOVAK LAW FIRM, P.C.**

15

16                   By:    *E. Rafael*

17                       Sean Novak, Esq.

18                       Elisheva Rafael, Esq.

                      Attorneys for Plaintiffs

19                       PRESTON CLARK

20

21

22

23

24

25

26

27

28

- 1 -

**PLAINTIFF'S NOTICE OF HEARING**

# EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/25/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: J. Sam Deputy |
| PLAINTIFF:<br>Preston Clark | |
| DEFENDANT:<br>USAA CASUALTY INSURANCE COMPANY | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24SMCV03542 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

> Date: 11/22/2024    Time: 8:30 AM    Dept.: P

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 07/25/2024

Judicial Officer
Elaine W. Mandel / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Santa Monica , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Sean M. Novak
2609 N. Sepulveda Blvd.
Manhattan Beach, CA 90266

David W. Slayton, Executive Officer / Clerk of Court

By: J. Sam
Deputy Clerk

Dated: 07/25/2024

LASC LACIV 132 Rev. 01/23
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3,720-3.730
LASC Local Rules, Chapter 7KUHH

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br><br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>07/25/2024<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Sam _____ Deputy |
| PLAINTIFF(S):<br>Preston Clark | |
| DEFENDANT(S):<br>USAA CASUALTY INSURANCE COMPANY | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>24SMCV03542 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>11/22/2024</u> at <u>8:30 AM</u> in department <u>P</u> of this court, <u>Santa Monica Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]  Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]  To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>07/25/2024</u>

Elaine W. Mandel / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

1  SEAN M. NOVAK, ESQ. (BAR NO. 198307)
   **THE NOVAK LAW FIRM, P.C.**
2  2609 N. Sepulveda Blvd.
   Manhattan Beach, CA 90266
3  Tel: (310) 921-8712
   Fax: (310) 921-8732
4  service@novaklawfirm.com

5  Attorney for Plaintiff
   PRESTON CLARK

6
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                   FOR THE COUNTY OF LOS ANGELES

8
   PRESTON CLARK,                    )    CASE NO.: 24SMCV03542
9                                    )
            Plaintiff,               )
10                                   )    **STATEMENT OF DAMAGES**
                                     )
11      v.                           )    _____
                                     )
12                                   )    *Complaint Filed on July 24, 2024*
   USAA CASUALTY INSURANCE           )    *Trial Date: Not Assigned*
13 COMPANY; DOES 1 to 99, inclusive; ROES )
   1 to 99, inclusive,               )    _____
14                                   )
            Defendants.              )
15 _____    )

16 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

17          **NOTICE IS HEREBY GIVEN** to the Defendants herein, and through their attorneys of

18 record, that Plaintiff PRESTON CLARK  claims the following special, general, and punitive

19 damages:

20          SPECIAL DAMAGES:            $10,000,000.00

21          GENERAL DAMAGES:            $25,000,000.00

22          PUNITIVE DAMAGES:           $100,000,000.00

23

24 DATE: July 24, 2024            THE NOVAK LAW FIRM, P.C.

25

26                          BY: _____
                                SEAN M. NOVAK
27                              Attorney for Plaintiff
                                PRESTON CLARK
28
                                      1

*Statement of Damages*